UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DYHER R. PETERS,

    Plaintiff,

v.                                                                                  Case No.: 8:07-CV-651-T-17MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security.

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant's Motion to Dismiss (doc. 10).[1] In its motion, the Defendant claims that Plaintiff's suit is barred by the time limitation set forth in 42 U.S.C. § 405(g), which provides that judicial review of a final decision of the Commissioner of Social Security must be commenced within sixty days after mailing of notice of such decision. In this case, the Appeals Council denied Plaintiff's request for review on January 26, 2007 (doc. 10-2). As such, the Plaintiff was required to file a civil action by April 2, 2007; however, Plaintiff commenced this suit on April 16, 2007 (doc. 1). Accordingly, his Complaint is untimely.[2] For the reasons stated above, it is hereby

---

[1] United States District Judge Elizabeth A. Kovachevich referred this matter to me for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b).

[2] Although the Plaintiff filed for an extension of the sixty-day statute of limitation on April 2, 2007 (doc. 11-2), the Secretary failed to grant that request. The Secretary's decision not to extend the sixty-day statute of limitations of 42 U.S.C. § 405(g) for filing in the district court is not subject to judicial review. *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985).

**RECOMMENDED**:

1.       Defendant's Motion to Dismiss  (doc. 10) be  GRANTED.

IT IS SO REPORTED at Tampa, Florida, on August 2, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
The Honorable Elizabeth A. Kovachevich
Counsel of Record